IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STAR FLOORS INC, | § § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:23-cv-1618-L |
| TC MILLWORK HOLDINGS INC, | | |
| Defendant, | | |
| V. | | |
| MCCORMICK 101 LLC, | | |
| Movant. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant McCormick 101, LLC, ("McCormick") has filed a Motion for Leave to File to Intervene. *See* Dkt. No. 7. Parties did not file a response.

United States District Judge Sam A. Lindsay has referred this motion to the undersigned United States Magistrate Judge for hearing, if necessary, and findings, conclusions, and a recommendation under 28 U.S.C. § 636(b). *See* Dkt. No. 15.

For the following reasons, the undersigned recommends the Court deny McCormick's Motion to Intervene.

**Background**

This case concerns Star Floors Inc.'s ("Star Floors") purchase of flooring products and adhesive from TC Millwork Holdings Inc., a.k.a. Specrtrim, ("TC Millwork"). *See* Dkt. No. 1-3 at 2. Star Floors alleges TC Millworks recommended the

wrong adhesive to install the floor products Star Floors purchased, causing Star Floor to have to remove and replace the flooring. *See id.* at 2-3. Star Floors filed suit in state court, alleging breach of implied warranty, breach of warranty of fitness for a specific purpose, negligence, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). *See id.* at 3.

TC Millwork removed the case to federal court on the basis of diversity jurisdiction on July 20, 2023. *See* Dkt. No. 1. McCormick filed its Motion for Leave to Intervene on August 29, 2023. *See* Dkt. No. 7.

In its motion, McCormick claims an "interest in the T.C. Millwork account and all amounts due and owing to Star Floors." *Id.* at 1. McCormick is a successor to a promissory note between Star Floors and PlainsCapital for $2,000,000, executed December 23, 2010. The note granted PlainsCapital a security interest in Star Floor's inventory, accounts and other rights to payment, general intangibles, and documents. *See* Dkt. No. 8-1 at 6. PlainsCapital assigned the note to McCormick on August 1, 2023. *See id.* at 15. After renewals and extensions, the loan matured on February 5, 2023, but "Star Floors failed to pay the principal and accrued interest of the loan." Dkt. No. 7 at 3. McCormick alleges it has made demands for payment in full on or before August 18, 2023, but Star Floors has not complied, and so is in default. *See id.*

McCormick requests to intervene because it has a security interest in "accounts and other rights to payment," defined as:

> All rights I have now or in the future to payments including, but not limited to, payment for property or services sold, leased, rented, licensed, or assigned, whether or not I have earned such payment by performance.

>This includes any rights and interests (including all liens and security interests) which I may have by law or agreement against any Account Debtor or obligor of mine.

Dkt. No. 7 at at 2.

And McCormick is allowed to "demand payment and enforce collection from any Account Debtor or Obligor by suit or otherwise," "take control of any proceeds of the Account Debtors' obligations and any returned or repossessed goods," and "deal in all respects as the holder and owner of the Account Debtors' obligations." *Id.* at 6. The security agreement also authorizes McCormick to "do anything [it] deem[s] necessary to protect the Property, and perfect and continue to perfect [its] security interest in the Property," including by "'handl[ing] any suits or other proceedings involving the Property" in Star Floors' name." *Id.* at 2.

## Legal Standards

McCormick brings this Motion for Leave to File to Intervene under Federal Rule of Civil Procedure 24(a)(2), which states – "the court must permit anyone to intervene who:

>claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

FED. R. CIV. P. 24(a)(2).

And "[t]he motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c).

> To be entitled to intervene as of right, [the movant] must demonstrate that (1) he timely applied; (2) he has an interest relating to the property or transaction that is the subject of the case; (3) disposition of the case may practically impair or impede his ability to protect his interest; and (4) he is inadequately represented by the existing parties. *See* FED. R. CIV. P. 24(a); *Adam Joseph Res. v. CNA Metals, Ltd.*, 919 F.3d 856, 868 (5th Cir. 2019). "Failure to satisfy any one requirement precludes intervention of right." *Cox v. Morris*, NO. 3:18-CV-30-DMB-JMV, 2019 WL 1601367, at *2 (N.D. Miss. April 15, 2019).

*Cruz v. Bank of Am., N.A.*, No. 3:19-cv-340-M-BN, 2020 WL 4561855, at *4 (N.D. Tex. July 10, 2020), *rep. & rec. adopted*, 2020 WL 4569042 (N.D. Tex. Aug. 7, 2020).

Although the movant has the burden to show a right to intervene, Rule 24 "'is to be construed liberally,… and doubts resolved in favor of the proposed intervenor.'" *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009) (internal citations omitted); *see Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014).

## Analysis

Analyzing the four requirements, the undersigned finds McCormick only meets one – timeliness – for the reasons stated below. *See Cruz*, 2020 WL 4561855, at *4.

Because McCormick does not meet the requirements for intervention, the motion to intervene should be denied.

First, the undersigned will address the timeliness of McCormick's motion.

> [T]imeliness, is governed by the four-part test in *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir.1977): (1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene, (2) the extent of prejudice to existing parties from allowing late intervention, (3) the extent of prejudice to the would-be intervenor if the petition is denied, and (4) any unusual circumstances.

*In re Lease Oil Antitrust Litig.*, 570 F.3d at 247-48.

And "[t]he requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir.1970) (citation omitted). Federal courts should allow intervention 'where no one would be hurt and greater justice could be attained.'" *Id.* (citation omitted). *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

McCormick states its motion is timely without addressing any of the above factors. *See* Dkt. No. 7 at 1 ('By this motion, having properly and timely intervened…"). But the Court is required to address timeliness under the appropriate standards.

McCormick filed its motion on August 29, 2023, approximately five weeks after TC Millwork removed the case to federal court and four months after Star Floors filed its suit in state court. *See* Dkt. No. 1 at 1. The undersigned finds this factor weighs in favor of timeliness. *See Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, No. 5:21-CV-071-H, 2022 WL 974335, at *4 (N.D. Tex. Mar. 31, 2022) ("Parties intervening five months after learning of their interest have been deemed timely.") (internal citations omitted).

And the undersigned finds the parties are not prejudiced by any delay in intervention. McCormick does not seek to "litigate any issues the parties previously briefed," and it seeks to intervene early in the suit. *Id.*; *see Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (the motion was timely because the intervenor "sought intervention before discovery progressed and

because it did not seek to delay or reconsider phases of the litigation that had already concluded[.]").

> The third timeliness factor is "[t]he extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied." [internal citation omitted] We have held that "critical to the third Stallworth inquiry is adequacy of representation. If the proposed intervenors' interests are adequately represented, then the prejudice from keeping them out will be slight." *Lelsz v. Kavanagh*, 710 F.2d 1040, 1046 (5th Cir. 1983). A movant's burden to show that its interests are not adequately protected is "minimal" and "satisfied if the applicant shows that representation of his interest 'may be' inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972) (citing 3B J. MOORE, FEDERAL PRACTICE 24.09—1 (4) (1969)).

*Rotstain v. Mendez*, 986 F.3d 931, 939 (5th Cir. 2021).

The undersigned does not find prejudice to McCormick if intervention is denied, but even when there is "little-to-no prejudice" if intervention is denied, courts have still found the motion is timely. *Streety v. Parsley Energy Operations, LLC*, No. MO20CV00049DCRCG, 2021 WL 9094350, at *4 (W.D. Tex. Oct. 28, 2021). And as the undersigned does not find any unusual circumstances in the case, the undersigned concludes the motion is timely.

The undersigned will next address whether McCormick "has an interest relating to the property or transaction that is the subject of the case." *Cruz*, 2020 WL 4561855, at *4. A party's interest must be "'direct, substantial, [and] legally protectable.'" *Edwards v. City of Houston*, 78 F.3d 983, 1004 (5th Cir. 1996) (internal citations omitted).

McCormick argues that its security interest in Star Floors's accounts is sufficient to show an interest relating to the property that is the subject of the case.

A property interest is "the most elementary type of right that Rule 24(a) is designed to protect." *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970). "A security interest in property is clearly a form of property[,]… [a]nd the Fifth Circuit has repeatedly held that a party with a security interest in real or personal property has a property interest that can support a motion to intervene." *BCL-Equip. Leasing, LLC v. Davis*, No. 2:15-CV-195-WCB, 2016 WL 115696, at *2 (E.D. Tex. Jan. 11, 2016). And an interest can be "sufficient if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022) (internal citations omitted).

But the interest must be more than solely "ideological, economic, or precedential." *See id.* (internal citations omitted). "[A] prospective intervenor 'must demonstrate an interest in the subject matter of this action and that its disposition may realistically impair that interest.'" *Arnold v. City of San Antonio*, No. CIVA SA-07-CV-877-XR, 2009 WL 2983038, at *3 (W.D. Tex. Sept. 14, 2009) (citing *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991)). In other words, "[t]he potential intervenor must have an interest 'that is related to the property or transaction that forms the basis of the controversy.'" *Cal Data Sys., Inc. v. NCS Pearson, Inc.*, No. CIV.A. H-07-1390, 2008 WL 1730539, at *3 (S.D. Tex. Apr. 10, 2008) (internal citations omitted).

The undersigned determines that McCormick has demonstrated only an economic interest.

Although McCormick claims a security interest in Star Floors's accounts, McCormick's interest is not in the underlying action between Star Floors and TC Millworks. McCormick states that it "seeks the same to which Star Floors is entitled and which Star Floors recovers" so that "any economic damages asserted and recovered (or recoverable) by Star Floors … could be used to satisfy its outstanding debt to McCormick." Dkt. No. 7 at 1, 6.

But, when the interest is "in any eventual damages" the party may recover, it is a solely economic interest that is insufficient for intervention. *Ouch v. Sharpless*, 237 F.R.D. 163, 166 (E.D. Tex. 2006); *see also* 6 MOORE'S FEDERAL PRACTICE - CIVIL § 24.03 (2023) ("A movant may not intervene to protect a right to enforce a money judgment from an unrelated action. An interest in the collectibility of a debt is not an interest 'relating to the property or transaction which is the subject of the action.'") (internal citations omitted).

And a security interest is not enough for intervention when "the promissory notes [are] unrelated to the transactions between" the parties in the case. *Cal Data Sys.*, 2008 WL 1730539, at *3 ("[The movant] has failed to show more than an economic interest in this litigation. [The movant's] lien on [the plaintiff's] accounts receivable and general intangibles arises from two promissory notes unrelated to the transactions between [the plaintiff] and [the defendant] at issue in this case. [The movant's] interest in this action 'is in the prospective collectability of a debt.'") (internal citations omitted). McCormick is asking this Court to "enforce a security agreement" between McCormick and Star Floors, but that is not a direct interest.

*Arnold*, 2009 WL 2983038, at *3 ("[W]ithout the enforcement of this security agreement, [the movant] would have no claim to any funds. … An interest cannot be direct if it is "contingent on the outcome of a subsequent lawsuit.").

Even if there was a "direct, substantial, [and] legally protectable interest," McCormick has not established that the disposition of the case may practically impair or impede McCormick's interest. *Edwards*, 78 F.3d at 1004 (internal citations omitted). Although the movant only needs to show a possibility the interest can be impaired, "the impairment must be 'practical' and not merely 'theoretical.'" *La Union*, 29 F.4th at 307 (internal citations omitted). McCormick argues that "the disposition of this action will affect McCormick's security interest under the Security Agreement. And, if McCormick is not permitted to intervene and be included in the judgment, the fate of McCormick's security interest will remain in the hands of Star Floors, which has already demonstrated an inability to protect McCormick's interest." Dkt. No. 7 at 6.

But "there is no argument by [the movant] that the disposition of the current case would subject [it] to any form of res judicata, collateral estoppel or stare decisis in its claim against Respondents for any monies owed." *Arnold*, 2009 WL 2983038, at *3. As McCormick has indicated, it currently is litigating a lawsuit against Star Floors, presumably to find Star Floors in default on the loan. *See* Dkt. No. 7 at 7.

Nothing in the current case prevents McCormick from bringing a lawsuit against Star Floors to enforce their security interest. *See Alam v. Mae,* No. CIV.A. H-02-4478, 2007 WL 4411544, at *5 (S.D. Tex. Dec. 17, 2007) ("[The movant] has not

demonstrated that disposition of this case would realistically impair its interests. [The movant] may file its own lawsuit to collect its purported debt, and nothing decided in this case will operate to estop it from fully pressing its claims.").

And, when courts have considered the argument that a party might disburse their funds before the movant receives them, "there would still be no legal or practical impediment preventing [movant] from obtaining a judgment against Respondents in another action." *Arnold*, 2009 WL 2983038, at *3. As the United States Court of Appeals for the Fifth Circuit has stated, "[i]ntervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994).

The undersigned also finds that Star Floors adequately represents McCormick's interest in the litigation. The burden to show adequate representation is "minimal," but there is a presumption of adequacy when "the intervenor 'has the same ultimate objective as a party to the lawsuit.'" *La Union*, 29 F.4th at 309. (internal citations omitted). "This presumption can be overcome by showing 'adversity of interest, collusion, or nonfeasance on the part of the existing party.'" *Id.*

Star Floors and McCormick ultimately have the same objective in the lawsuit – that Star Floors prevail on their claims against TC Millwork and recover damages. So, the undersigned must determine if there is adversity of interest, collusion, or nonfeasance.

McCormick argues that Star Floors cannot adequately represent their interest because they lack the financial resources to pursue this the litigation. Courts have

-10-

considered financial resources when determining adequacy of interest. For example, a court found that the allegation of lack of financial resources was insufficient to overcome the presumption when the party had been adequately represented thus far in litigation. *See Villas at Parkside Partners v. City of Farmers Branch*, 245 F.R.D. 551, 555 (N.D. Tex. 2007) ("While [movant] argues that the city lacks financial resources, without more, the court does not determine that this is enough to overcome the presumption that the city can defend its interests and those of its residents. The [party] did not respond to [movant's] motion seeking assistance and the city's interests certainly have been represented adequately thus far by its highly competent counsel."). Similarly, although McCormick states that Star Floors lacks financial resources because it has defaulted on its loan, that is not determinative of whether Star Floors can pursue this litigation, where Star Floors has adequately participated in the litigation thus far, showing an ability to defend its interests. Star Floors has an attorney and has participated in the joint status report. *See* Dkt. No. 9. Without more, the undersigned cannot conclude Star Floors cannot adequately defend McCormick's interest.

"Failure to satisfy any one requirement precludes intervention of right." *Cruz*, 2020 WL 4561855, at *4 (internal citations omitted) (cleaned up). And so, the undersigned concludes that McCormick has not met the burden for intervention and recommends that the Court deny McCormick's motion to intervene.

## Conclusion

The Court should deny McCormick's Motion to Intervene [Dkt. No. 7].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 19, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE