IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STAR FLOORS, INC.,** | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:23-CV-1618-L** |
| **T.C. MILLWORK HOLDINGS, INC.,** | § § § | |
| Defendant, | § § § | |
| v. | § § § | |
| **MCCORMICK 101 LLC,** | § § § | |
| Movant. | § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge David L. Horan ("Report") (Doc. 22) was entered on January 18, 2024, recommending that the court deny Movant McCormick 101 LLC's ("Movant") Motion for Leave to File to Intervene ("Motion") (Doc. 7), filed August 29, 2023. On February 2, 2024, Movant filed Objections to the Report ("Objections") (Doc. 24); and on February 6, 2024, Plaintiff Star Floors, Inc. ("Plaintiff") filed a Response to Movant's Objections ("Response") (Doc. 25).

In March 2022, Plaintiff alleges that Defendant T.C. Millwork Holdings, Inc.'s ("Defendant") agent recommended and sold to it a specific adhesive and flooring to be used together; however, "[t]he adhesive failed, causing [it] to have to remove and replace the installed flooring." Doc. 1-3 at 2-3. On July 20, 2023, Plaintiff sued Defendant in state court alleging "breach of implied warranty, breach of warranty of fitness for a specific purpose, negligence, and violations of the Texas Deceptive Trade Practices Act ("DTPA")." Report 2. After Defendant

Order – Page 1

removed this action, Movant filed its Motion arguing that, as a successor to a promissory note with Plaintiff, it has an interest in Plaintiff's "accounts and other rights to payment." *Id.*

Pursuant to Federal Rule of Civil Procedure 24, Movant must demonstrate that: "(1) [it] timely applied; (2) [it] has an interest relating to the property or transaction that is the subject of the case; (3) disposition of the case may practically impair or impede [its] ability to protect [its] interest; and (4) [it] is inadequately represented by the existing parties." *Id.* at 4 (citations omitted). After analyzing each of the four requirements, the Report concluded that Movant only met the first requirement—timeliness—but failed to meet the other three requirements. *Id.* In its Objections, Movant argues that it has satisfied all four requirements; and, therefore, the court should not adopt the Report's conclusions and recommendation. Doc. 24. Plaintiff responded to Movant's Objections and argued that the Report's conclusions are correct and should be adopted. Doc. 25.

Here, Movant's security interest is generally in Plaintiff's "accounts and other rights to payment." Therefore, as the Report concluded, Movant's interest is solely economical, and not a specific security interest in the parties' contract for the adhesive and flooring, the subject matter of this action. *See* Report 7; *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022) (holding that a security interest must be more than solely "ideological, economical, or precedential"); *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991) (holding a prospective intervenor "'must demonstrate an interest in the subject matter of [the] action and that its disposition may realistically impair that interest"). Thus, Movant cannot satisfy the second requirement. For this reason alone, Movant's motion should be denied. The court also reviewed the Report's analysis and conclusions for requirements three and four, and concludes that the Report correctly determined that Movant fails to satisfy either. Accordingly, Movant's objections are **overruled**.

Having considered the Motion, Report, Movant's Objections, Plaintiff's Response to Movant's Objections, file, and record, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Accordingly, the court **denies with prejudice** Movant's Motion.

**It is so ordered** this 26th day of February, 2023.

Sam A. Lindsay
United States District Judge

**Order – Page 3**